FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2010 JAN 19 P 2: 31

CLERK
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| **BANK OF AMERICA, N.A.**<br>101 North Tryon Street<br>Charlotte, North Carolina 28255<br><br>Plaintiff,<br><br>v.<br><br>**ARROW ELECTRONICS, INC.**<br>50 Marcus Drive<br>Melville, New York 11747-4210<br><br>Defendant. | Civil Action No.: 1:10cv51<br>LO/TCB |

## COMPLAINT FOR DECLARATORY JUDGMENT

1. This action seeks declaratory relief to resolve conflicting claims of priority between the Plaintiff Bank of America, N.A. ("Bank of America"), and Defendant Arrow Electronics, Inc. ("Arrow"), over certain accounts receivable of a defaulting third party—AC Technology, Inc. ("AC Tech").

### Parties, Jurisdiction and Venue

2. Bank of America is a national banking association with its principal place of business at 100 North Tryon Street, Charlotte, NC 28255. As such, Bank of America is a citizen of the State of North Carolina.

3. Arrow is a New York corporation with its principal place of business at 50 Marcus Drive, Melville, NY 11747-4210. As such, Arrow is a citizen of the State of New York.

4. AC Tech is a Virginia corporation with its principal place of business at 22695 Commerce Center Court, Dulles, VA 20166. As such, AC Tech is a citizen of Virginia and is located in Virginia's Eastern District.

5. The amount in controversy in this proceeding, exclusive of interest and costs, exceeds $75,000.

6. A substantial part of the events giving rise to this dispute occurred in the Eastern District of Virginia, and the property subject to this action is located in the same district.

7. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1391.

## AC Technology and Bank of America's Security Interest

8. AC Tech purports to act as a "reseller" of technology-related products and services, procuring products as required by a particular contract, then generating an invoice payable from the contracting party to AC Tech. In generating such an invoice, AC Tech creates an "Account," as that term is defined in Section 9-102(a)(2) of the Uniform Commercial Code.

9. Bank of America made available to AC Tech a revolving line of credit pursuant to the terms and conditions of a Credit and Security Agreement (the "Credit Agreement") dated June 30, 2008, between Bank of America, AC Tech, and MB Security, Inc.

10. As collateral security for the repayment of the amounts owed pursuant to the Credit Agreement, AC Tech granted to Bank of America a security interest covering all of AC Tech's personal property, including its accounts receivable and all of the proceeds and products thereof.

11. Bank of America properly perfected the security interests granted to it pursuant to the Credit Agreement by filing a UCC-1 Financing statement with the Virginia State Corporation Commission on July 1, 2008.

12. Pursuant to the Credit Agreement and all written agreements, instruments and documents executed in connection therewith (collectively, the "Financing Documents"), Bank of America has a first priority perfected security interest in and to all property and assets of AC Tech, including AC Tech's right, title and interest in all payments for goods and services now or hereafter rendered by AC Tech.

13. In December 2008, AC Tech defaulted on these financial obligations, and after AC Tech failed to meet the terms of a loan modification, Bank of America delivered a letter to AC Tech on March 30, 2009, notifying it that the bank would enforce its rights and remedies under the Financing Documents effective immediately. One such right and remedy under the Financing Agreement is Bank of America's ability to seize the collateral AC Tech pledged as part of the Credit Agreement. This includes all outstanding accounts and/or rights to payment AC Tech may have.

### Arrow's Security Interest

14. Upon information and belief, Arrow purports to be a wholesale distributor of electronic goods, services and software to, among other entities, AC Tech, and asserts that products distributed to AC Tech by Arrow were subsequently resold to AC Tech's customers.

15. Upon information and belief, Arrow claims to have executed a security agreement (the "Security Agreement") on or about July 30, 2008 (after Bank of America perfected its security interest), whereby AC Tech granted Arrow a security interest in all electronic

merchandise, goods, and other products Arrow distributed to AC Tech identified in AC Tech's purchase orders.

16. Upon information and belief, the security interest purports to cover all accounts, accounts receivable, or other right to payments derived from the sale of the goods identified in the purchase orders and all proceeds and products thereof.

17. Upon information and belief, Arrow claims it properly perfected the security interests AC Tech granted it pursuant to the Security Agreement by filing a UCC-1 Financing statement with the Virginia State Corporation Commission on or about August 1, 2008.

18. Arrow has described its security interest as a purchase money security interest ("PMSI") in AC Tech's inventory, and delivered to Bank of America on or about August 18, 2008, a certified letter stating that it had acquired a PMSI in inventory collateral including but not limited to all electronic merchandise, goods, and other products sold to AC Tech.

### The Wildflower Account

19. Pursuant to a purchase order, AC Tech sold goods to Wildflower International ("Wildflower"), a provider of information technology to the federal government. This sale generated an Account of over one million dollars ($1,000,000) ("the Wildflower Account"). However, Wildflower did not pay for these goods at the time it received them, and the Wildflower Account remains outstanding.

20. Bank of America and Arrow each claim a superior priority security interest over AC Tech's Accounts, including the Wildflower Account.

21. Wildflower has stated that it will not pay the Account until it receives a court order directing the payment to the rightful party.

## REQUEST FOR DECLARATORY RELIEF

22. Bank of America incorporates by reference each of the allegations in paragraphs 1-21.

23. Virginia law controls this dispute.

24. Under the "first-to-file rule," Va. Code § 8.9A-322(a)(1), Virginia law accords Bank of America's interest superiority over Arrow's interest because it perfected its security interest first, and because Arrow's security interest does not qualify for any exception to the first-to-file rule. *See* Va. Code § 8.9A-324.

25. Furthermore, Virginia law limits PMSIs to goods and software, *see* Va. Code § 8.9A-103(a)(1), (b), and, as Accounts are not goods, *see* Va. Code § 8.9A-102(a)(44), Arrow's purported security interest in AC Tech's Accounts is not a PMSI.

26. In addition, under Virginia law, Arrow's security interest, even if it qualifies as a PMSI, only has "priority over a conflicting interest in the same inventory . . . and . . . *identifiable cash proceeds* of the inventory to the extent [they] are received on or before the delivery of the inventory to a buyer." Va. Code § 8.9A-324(b) (emphasis added).

27. The priority Arrow would be afforded in its alleged PMSI does not extend to Accounts generated from the sale of inventory. Va. Code § 8.9A-324, Comment 8, Ex. 1. Instead, Bank of America has priority because the first-to-file rule applies to conflicting interests in Accounts, Va. Code § 8.9A-324, Comment 8, Ex. 2, and Bank of America was the first to file.

28. This dispute is justiciable and is not pending in any state or federal court.

29. Bank of America and Arrow's interests in this matter are adverse.

30. The dispute between Bank of America and Arrow over the Wildflower Account is both immediate and real.

31.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), when an actual controversy exists, this Court may declare the rights and other legal relations of any interested party seeking a declaration.

32.     A judgment declaring which party has a superior interest over the Wildflower Account would wholly settle the legal relations in issue, terminating and affording relief from the uncertainty, insecurity, and controversy surrounding the competing claims.

WHEREFORE, Plaintiff Bank of America, N.A., hereby requests that this Court issue an order declaring that Bank of America has a superior interest in the Wildflower Account over Arrow, according it first priority in that Account's proceeds. Plaintiff further requests that this Court grant all other relief as may be appropriate.

Respectfully submitted,

_/s/_____
Nikolaus F. Schandlbauer (Admission pending *pro hac vice*)
E. John Steren (Admission pending *pro hac vice*)
Michael A. Hass (Virginia Bar No. 74974)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
1401 H Street, N.W., Suite 500
Washington, D.C. 20005
(202) 408-8400
(202) 408-0640 facsimile

Attorneys for Plaintiff
Bank of America, N.A.