## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **BANK OF AMERICA, N.A.** | |
| **Plaintiff,** | |
| **vs.** | **Civil Action No. 1:10-cv-00051-LO-TCB** |
| **ARROW ELECTRONICS, INC.,** | |
| **Defendant.** | |

### ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT

Defendant, Arrow Electronics, Inc., hereby responds to the Complaint for Declaratory Judgment filed by Plaintiff, Bank of America, N.A. ("Plaintiff").

1.      Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.      Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Defendant does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.  Accordingly, Defendant denies the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9.      Defendant does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.  Accordingly, Defendant denies the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10.     Defendant does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.  Accordingly, Defendant denies the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11.     Defendant does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.  Accordingly, Defendant denies the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12.     Defendant generally and specifically denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Defendant does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.  Accordingly, Defendant denies the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14.     Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Defendant admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant admits the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Defendant does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.  Accordingly, Defendant denies the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20.     Defendant admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Defendant admits the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Defendant hereby alleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 21 above as fully set forth herein.

23.     Defendant does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.  Accordingly, Defendant denies the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24.     Defendant generally and specifically denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     Defendant generally and specifically denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant generally and specifically denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     Defendant generally and specifically denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     Defendant admits the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Defendant admits the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Defendant admits the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant admits the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Defendant admits the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Defendant generally and specifically denies the allegations contained in the prayer of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

1.     The Complaint fails to state a claim upon which relief may be granted.

### **SECOND AFFIRMATIVE DEFENSE**

2.     The claims by Plaintiff in the Complaint are barred since Arrow has a superior priority security interest in the Wildflower Account over Bank of America according it first

priority in the accounts proceeds and therefore, the Court should issue an order declaring Arrow as the superior interest.

**THIRD AFFIRMATIVE DEFENSE**

3.     The Complaint and each and every cause of action contained therein, is barred by the applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

4.     The claims contained in the Complaint are barred and the Court lacks jurisdiction in this matter because Plaintiff failed to exhaust applicable administrative remedies.

**FIFTH AFFIRMATIVE DEFENSE**

5.     The claims contained in the Complaint are barred since Plaintiff lacks standing to bring this action.

**SIXTH AFFIRMATIVE DEFENSE**

6.     The claims contained in the Complaint must fail because Plaintiff cannot establish the requisite elements and circumstances necessary to prevail under the claim that they have a superior interest in the account over Arrow.

**SEVENTH AFFIRMATIVE DEFENSE**

7.     The Complaint is barred by the doctrines of estoppel, laches and/or waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

8.     The claims contained in the Complaint are barred since Arrow has an executed Security Agreement in which AC Technology granted Arrow security interest specifically relating to the products identified in AC Technology Invoice Number 12038 along with the right to receive all proceeds relating to said invoice.

## NINTH AFFIRMATIVE DEFENSE

9.     The claims contained in the Complaint are barred since Arrow maintains a Purchase

Money Security Interest specifically relating to the products identified in AC Technology

Invoice Number 12038 along with the right to receive all proceeds relating to said invoice.

## TENTH AFFIRMATIVE DEFENSE

10.    Arrow has a properly perfected the security interest granted to it by AC Technology

pursuant to the Security Agreement and has acquired a Purchase Money Security Interest in

inventory collateral including but not limited to, all accounts, accounts receivable and other

rights to payments derived from the sale of goods identified in the purchase orders in all

proceeds and products thereof.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    Due to lack of information as to matters set forth in the Complaint, Defendant has

insufficient knowledge or information on which to form a belief as to whether additional, yet

unstated affirmative defenses are available.  Defendant reserves the right to assert additional

defenses in the event that discovery and/or investigation indicates they would be appropriate.

**WHEREFORE,** Defendant prays for judgment against Plaintiff as follows:

1.     That the Complaint be dismissed in its entirety with prejudice;

2.     That Plaintiff take nothing by reason of its Complaint;

3.     That Defendant be awarded reasonable attorneys' fees;

4.     That Defendant be awarded all of the costs of the suit herein incurred; and,

5.     That Defendant be awarded such other and further relief as the court may deem just

and proper.

Respectfully submitted,

**ARROW ELECTRONICS, INC.**


By:  /s/*Michael A. Gatje*

Michael A. Gatje, VSB No. 26306
**HUSCH BLACKWELL SANDERS LLP**
750 17th Street NW, Suite 1000
Washington, D.C. 20006
(202) 378-2300 Telephone
(202) 378-2317 Facsimile
Michael.Gatje@huschblackwell.com


Jeffrey M. Galen, SBN 134705
    (*Pro Hac Vice* application pending)
Glenn D. Davis, SBN 150744
**GALEN & DAVIS LLP**
16255 Ventura Blvd., Suite 900
Encino, CA 91436
(818) 986-5685 Telephone
(818) 986-1859 Facsimile
jeffrey.galen@galendavislaw.com
Attorneys for Defendant,
Arrow Electronics, Inc.

Dated:  February 16, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of February, 2010, I will electronically file the

foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification

of such filing (NEF) to the following:

> Michael A. Hass (Virginia Bar No. 74974)
> Ober, Kaler, Grimes & Shriver
> 1401 H Street, N.W., Suite 500
> Washington, D.C. 20005
> *Counsel for Bank of America, N.A.*

> /s/ *Michael A. Gatje*
> _____
> Michael A. Gatje, VSB No. 26306
> **HUSCH BLACKWELL SANDERS LLP**
> 750 17th Street NW, Suite 1000
> Washington, DC 20006
> 202 378-2300 Telephone
> 202 378-2319 Facsimile
> Michael.Gatje@huschblackwell.com